UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

FILED
NOV 2 0 2013
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

DEREK DELANO,                              )
                                           )
        Plaintiff,                         )
                                           )
        v.                                 )        Case No. 3:13CV773
                                           )
GC SERVICES, LP,                           )
                                           )
        Defendant.                         )

## PLAINTIFF'S COMPLAINT

Plaintiff, DEREK DELANO ("Plaintiff"), through his attorneys, Ferris Winder, PLLC, alleges the following against Defendant, GC SERVICES, LP ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k.

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

### PARTIES

5. Plaintiff is a natural person residing in Ruther Glen, Caroline County, Virginia.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

9. In 2013, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a business entity engaged in the collection of debt within the State of Virginia.

11. Defendant is a Delaware Limited Partnership with its headquarters in Houston, Harris County, Texas.  See Defendant's Answer, Document No. 8, ¶12, 2:13-cv-11710-MOB-RSW.

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties. See Defendant's Answer, Document No. 8, ¶16, 2:13-cv-11710-MOB-RSW.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect a consumer debt from Plaintiff.

19. The alleged debt owed arises from transactions for personal, family, and household purposes.

20. In 2013, Defendant was hired to collect on the alleged debt.

21. Within one (1) year of Plaintiff filing this Complaint, Defendant called Plaintiff at 540-903-21xx in an attempt to collect on the alleged debt.

22. Within one (1) year of Plaintiff filing this Complaint, Defendant communicated with Plaintiff in an attempt to collect on the alleged debt.

23. Within one (1) year of Plaintiff filing this Complaint, Defendant left Plaintiff at least two voicemail messages regarding the alleged debt.

24. Within one (1) year of Plaintiff filing this Complaint, Defendant left the following voicemail message for Plaintiff, "Hi this message is for Derek Delano. My name is Petty Couver. It is important you return my call. 1-866-862-2793."

25. Within one (1) year of Plaintiff filing this Complaint, Defendant also left the following voicemail message for Plaintiff, "Good morning this message is for Derek Delano. My name is Petty Couver. It is important you return my call. My number is 1-866-862-2793."

26. Defendant's collector that left the messages transcribed in paragraph 24 and 25 was working within the scope of her employment when she communicated with Plaintiff in

3

an attempt to collect a debt.

27. Defendant's messages for Plaintiff do not state that the call is from GC Services, LP.

28. Defendant's messages for Plaintiff do not state that the collector is attempting to collect a debt.

29. Defendant's collector that left the messages transcribed in paragraph 24 and 25 is familiar with the FDCPA.

30. Defendant's collector that left the messages transcribed in paragraph 24 and 25 knows the FDCPA requires debt collectors to identify the company's name when placing a telephone call.

31. Defendant's collector that left the messages transcribed in paragraph 24 and 25 knows the FDCPA requires debt collectors to state that the communication is an attempt to collect a debt when leaving consumers a voicemail message.

32. The telephone number of 866-862-2793 is one of Defendant's telephone numbers.

33. Defendant maintained a Call Detail Search regarding Plaintiff's Account.

34. Defendant maintained an Account Detail Listing regarding Plaintiff's Account.

35. Defendant recorded all of its telephone communications with Plaintiff regarding the Account.

36. Defendant recorded all of its telephone communications with third parties regarding the Account.

37. Defendant has in its possession audio recordings made in connection with Defendant's efforts to collect the debt at issue in this matter.

38. In the normal course of business, Defendant does not retain copies of the actual letters it sends to various debtors.

39. Here, Defendant did not retain copies of the actual letters it sent to Plaintiff regarding the Account.

40. Per the nationwide PACER records, Defendant has defended approximately two-hundred four (204) lawsuits throughout the nation in the last year prior to the date Plaintiff filed this Complaint.

41. Within one (1) year of Plaintiff filing this Complaint, Defendant has plead a Bona Fide Error Affirmative Defense in every Answer it filed in an FDCPA case.

42. In the last three (3) years, Defendant has had over 250 Complaints filed against it with the Better Business Bureau.

43. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 2:13-cv-11710, Darci Ravenscraft v. GC Services, LP.

44. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 2:12-cv-02637, Manrico Lollie v GC Services, LP.

45. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 1:13-cv-00084, Daniel Lambeth v. GC Services, LP.

46. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 1:13-cv-03570, Mordechai Pinson v. GC Services, LP.

47. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 5:13-cv-06093, Lana Babcock v. GC Services, LP.

48. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 3:13-cv-00510, Sheila Pratt v. GC Services, LP.

49. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 4:13-cv-00199, Thomas Laile v. GC Services, LP.

50. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 4:13-cv-13744, Tamara Travers v. GC Services, LP.

51. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 1:13-cv-00984, David Cruz v. GC Services, LP.

52. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 3:13-cv-00518, Bart Martinez v. GC Services, LP.

53. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 3:13-cv-00519, Jo Lynn Eaton v. GC Services, LP.

54. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 3:13-cv-01002, Tracy Heyder v. GC Services, LP.

55. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 1:13-cv-00363, Bruce McInnes v. GC Services, LP.

56. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 1:13-cv-00364, Jerome Brewer v. GC Services, LP.

57. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 2:13-cv-01386, Stephanie Grooms v. GC Services, LP.

58. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 1:13-cv-06864, *Jeffrey Ourvan v. GC Services, LP.*

59. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 1:13-cv-02226, *Steven Wagner v. GC Services, LP.*

60. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 5:13-cv-01873, *Hafford Hester v. GC Services, LP.*

61. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message

in Case Number 2:13-cv-01882, *Arlene Adleff v. GC Services, LP*.

62. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 2:13-cv-06096, *Karen Ersek v. GC Services, LP*.

63. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 5:13-cv-06095, *Karen Bistrek v. GC Services, LP*.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

64. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt;

    b. Defendant violated §1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity when Defendant left Plaintiff messages that failed to state that call was from GC Services, LP.

    c. Defendant violated §1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

    d. Defendant violated §1692e(10) of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

    e. Defendant violated §1692e(11) of the FDCPA when Defendant left Plaintiff voicemail messages that did not state the communication was an attempt to collect a debt.

65. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

66. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, DEREK DELANO, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

67. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

68. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

69. Any other relief that this Honorable Court deems appropriate.

DATED: November 15, 2013                    RESPECTFULLY SUBMITTED,

By:_____
Richard W. Ferris, Esq.
Ferris Winder, PLLC
530 East Main St. Suite 710
Richmond, VA 23219
804-767-1800
rwferris@ferriswinder.com